**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3273-16T2

JOHN MANDICH,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted May 1, 2018 — Decided June 8, 2018

Before Judges Fisher and Moynihan.

On appeal from the New Jersey State Parole Board.

John Mandich, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant John Mandich contends that the New Jersey State Parole Board's final decision denying his parole request and

setting a 120-month future parole eligibility term (FET) was arbitrary and capricious. We disagree and affirm.

Appellant became eligible for parole after serving almost all of a thirty-year period of parole ineligibility attendant to a life sentence for murder, N.J.S.A. 2C:11-3(a)(1), imposed in 1986. A two-member Board panel, following a referral from a hearing officer, denied parole and determined that an FET within the presumptive schedule[1] was possibly inappropriate. The two-member panel therefore referred the matter to a three-member Board panel for determination of an FET, which that panel set at 120 months. The Board affirmed the decisions of both panels.

Appellant reprises the arguments made to the Parole Board that the panels "over-counted [his] prior criminal conviction and

---

[1] A standard FET of twenty-seven months applies when the Board denies parole to an inmate serving a sentence for murder. N.J.A.C. 10A:71-3.21(a)(1). The standard FET can be increased or decreased by nine months, that is, within a range of eighteen to thirty-six months, "when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). But in setting an FET, the Board is not limited in all cases to that eighteen to thirty-six months range. A panel may establish an FET outside the range if the standard FET "is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d).

probation . . . to deny parole and impose the FET" based on their findings relating to: (1) the nature of appellant's criminal record, (2) its increasing seriousness and (3) his prior opportunity on community supervision. Acknowledging that only five years elapsed between his prior probation and the murder, he contends his thirty-year incarceration makes those factors "less weighty" and that the use of those factors — and the absence of any consideration of the factors' remoteness — was arbitrary and capricious. He also argues the three-member panel did not give "the same depth of consideration" to his prison history that it gave to the murder, as evidenced by the absence in the panel's notice of decision of: "mitigating factors, such as appellant's minimal offense record, his participation in programs specific to behavior, participation in institutional programs, favorable institutional reports, attempt made to enroll in programs but was not admitted and appellant's achievement of attaining minimum custody status." The three-member panel, he also avers, "failed to consider or mention the letters of support written by [his] daughter."

The standard of review applicable to other administrative agency decisions applies to our review of the Parole Board's determinations. Trantino v. N.J. State Parole Bd. (Trantino IV), 154 N.J. 19, 24-25 (1998). "We may overturn the . . . Board's

decisions only if they are arbitrary and capricious." Trantino v. N.J. State Parole Bd. (Trantino V), 166 N.J. 113, 201 (2001). Because the parole eligibility statute creates a presumption that an inmate should be released on the inmate's eligibility date, N.J.S.A. 30:4-123.53,[2] decisions against release must be considered arbitrary if they are not supported by a preponderance of the evidence in the record. Kosmin v. N.J. State Parole Bd., 363 N.J. Super. 28, 41-42 (App. Div. 2003).

"The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Trantino V, 166 N.J. at 201 (first alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Trantino V, 166 N.J. at 201. We will not second-guess the Board's application of its considerable expertise in sustaining the panels' determinations. See, e.g., In re Vey, 272 N.J. Super. 199, 205-06 (App. Div. 1993), aff'd, 135 N.J. 306 (1994). The

---

[2] Because appellant's offenses were committed in 1986, the governing standard, as then set forth in N.J.S.A. 30:4-123.53(a) (1979), required his release on parole unless it was established "by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at such time."

Board's determination that "there is a substantial likelihood an inmate will commit another crime if released" on parole must be affirmed on appeal if that "factual finding could reasonably have been reached on sufficient credible evidence in the whole record." N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1998).

Appellant's arguments fail to consider that the Board panels and the Board are constrained to consider the factors set forth in N.J.A.C. 10A:71-3.11(b), including those here considered and found by the panels and the Board[3]: the facts and circumstances of the offense;[4] nature and pattern of previous convictions (an aggravated assault for which he received a three-year probationary sentence); adjustment to previous probation; commission of serious disciplinary infractions (the three-member panel noted twenty-one infractions, six of them serious, resulting in the loss of 330 days commutation credit and placement in detention, lock-up and administrative segregation, with the last occurring in 2006); mental and emotional health; and other relevant factors including

---

[3] Because the determination to increase the FET beyond the guidelines-range involves the same factors that must be considered in deciding whether to grant or deny parole, N.J.A.C. 10A:71-3.21(d); see N.J.A.C. 10A:71-3.11(b), we combine the panels' findings.

[4] We will not repeat the grisly details of the violent murder; we note the specific circumstances that are documented in the record.

his lack of insight into and minimization of his criminal conduct, "limited understanding of his inner rage," "jealousy and self[-]absorption [that] causes him to not yet get how violent was his potential," and his underestimation of future challenges. Also considered was a Level of Service Inventory — Revised risk assessment evaluation (LSI-R) on which appellant scored 19, indicating a moderate risk of recidivism. The three-member panel also considered a psychological evaluation that utilized the LSI-R in preparing the evaluation.[5] And contrary to appellant's contentions, the panels and Board did consider, as also required by N.J.A.C 10A:71-3.11(b): his minimal offense record; opportunities on community supervision without violations; participation in programs specific to behavior and institutional programs; institutional reports reflecting favorably on his adjustment; attempts to enroll in programs to which he was not admitted; achievement and maintenance of minimum custody; and the restoration of commutation time. The letters sent by appellant's daughter were included in the file considered by the three-member panel, as found by the Board.

We are satisfied the Board, as mandated by N.J.A.C. 10A:71-3.11(a), based its decision "on the aggregate of all pertinent

_____

[5] Those documents were provided to us in a confidential appendix.

factors." The record, including the three-member panel's comprehensive eight-page narrative notice of decision detailing its reasons for meting out a 120-month FET, belies all of appellant's contentions. We affirm the Board's decision — amply supported by the record — for the reasons set forth in its final decision. Although mitigating factors applied and were considered in appellant's case, it was within the Board's discretionary power to determine that the considerations in favor of finding that there is a substantial likelihood appellant would commit another crime if released on parole outweigh those mitigating considerations. We do not substitute our judgment for that of the Board with respect to denial of parole or the setting of an FET. See Cestari, 224 N.J. Super. at 547. The Board applied the correct legal standard and considered the relevant factors under N.J.A.C. 10A:71-3.11(b) in deciding to deny parole and to set a 120-month FET. On the record presented, its decision was not arbitrary or capricious, see McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002), and we conclude that the Board did not abuse its discretion in denying appellant's application for release on parole.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION